UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Chapter 7 |
| GLORIA J. KORNER, ) | |
| ) | Case No. 10 B 50703 |
| Debtor. ) | |
| ) | |
| _____ ) | |
| ) | |
| BEERMANN SWERDLOVE, LLP, an ) | |
| Illinois Limited Liability Partnership, ) | |
| ) | Adv. No. 11 A 1012 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Judge Pamela S. Hollis |
| GLORIA J. KORNER, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This matter comes before the court on Defendant Gloria Korner's motion for summary judgment. Plaintiff Beermann Swerdlove LLP seeks denial of Defendant's discharge pursuant to 11 U.S.C. § 727(a)(4), which requires denial where a "debtor, knowingly and fraudulently, in or in connection with the case -- (A) made a false oath or account." The court reviewed the relevant papers and pleadings, and for the reasons stated below, denies the motion.

### STATEMENTS OF UNDISPUTED FACTS

Pursuant to Local Bankruptcy Rule 7056-1, a party moving for summary judgment must file a statement of undisputed material facts ("7056-1 statement"). The 7056-1 statement

> must consist of short numbered paragraphs, including within each paragraph specific references to the affidavits, parts of the record, and other supporting materials relied upon to support the facts set forth in that paragraph. Failure to submit such a statement constitutes grounds for denial of the motion.

Local Bankr.R. 7056-1B. The party opposing a summary judgment motion is required by Local Bankruptcy Rule 7056-2 to respond "to each numbered paragraph in the moving party's statement." Local Bankr.R. 7056-2A(2)(a). The opposing party must also file "a statement, consisting of short numbered paragraphs, of any additional facts that require the denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon." If the opposing party files a statement of additional facts, then "the moving party may submit a concise reply in the form prescribed in Rule 7056-2 for response. All material facts set forth in the opposing party's statement filed under section A(2)(b) of Rule 7056-2 will be deemed admitted unless controverted by the statement of the moving party." Local Bankr. R. 7056-1C.

Defendant filed a statement of uncontested facts, as she was required to do. Plaintiff both responded to each fact set forth by Defendant, as the local rules require, and filed a statement of additional facts. However, some of the exhibit designations in Plaintiff's statement of additional facts are blank, as if this is a draft document. Some of the facts are supported by references to exhibits, but no exhibits are attached to the statement. Defendant did not file a reply controverting Plaintiff's statement of additional facts, but in light of the missing exhibits, the court will not automatically treat those additional facts as admitted.

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>
> (1) give an opportunity to properly support or address the fact;
>
> (2) consider the fact undisputed for purposes of the motion;
>
> (3) grant summary judgment if the motion and supporting materials-- including the facts considered undisputed--show that the movant is entitled to it; or
>
> (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e).

The facts set forth in paragraphs 1, 2, 5, 7 and 9 of Plaintiff's statement of additional facts are supported by reference to Defendant's schedules. The court may take judicial notice of the schedules, and to the extent those facts are supported by the information in the schedules, the court will treat those facts as admitted.

The fact set forth in paragraph 3 appears to be supported by reference to the Judgment for Dissolution of Marriage, which is an exhibit to the complaint. But there is a difference between the fact that the JDOM required Defendant's ex-husband to increase his maintenance payments from $1,500 per month to $3,500 per month beginning January 1, 2011, and whether Defendant knew this fact when she completed Schedule I. A fact regarding Defendant's knowledge is appropriately supported, for example, by reference to an answer given by Defendant under oath, or to a document in which she made an admission. Therefore, the portion of paragraph 3 relating to Defendant's knowledge is not well-supported and will not be taken as admitted for purposes of this motion.

The facts set forth in paragraphs 4 and 8 are unsupported by any reference to an affidavit or other document. Those facts will not be taken as admitted. Paragraph 6 refers to "Exhibit B" and paragraph 10 refers to "Exhibit A" without any further description of what those documents might be, and without attaching an Exhibit A or B to the statement. Therefore, the facts at paragraphs 6 and 10 will not be admitted for purposes of this motion.

Finally, paragraph 11 refers to the affidavit of Thomas Field, at Exhibit __, ¶ 7. Mr. Field's affidavit is not attached to the response. The court was able to locate Mr. Field's affidavit at docket entry 34. Paragraph 11 will be admitted for purposes of this motion.

## UNDISPUTED FACTS

Debtor filed for relief under Chapter 7 of the Bankruptcy Code on November 12, 2010.

Prior to the filing of Debtor's bankruptcy case, she retained Beermann Swerdlove LLP as counsel to represent her in filing for divorce in the Circuit Court of Cook County, Domestic Relations Division.

Beermann Swerdlove LLP obtained a Judgment for Dissolution of Marriage for Debtor which was entered on March 31, 2010.

Debtor owed approximately $42,693.50 in legal fees to Beermann Swerdlove LLP upon completion of the divorce proceedings.

On June 10, 2010, a judgment was entered against the Debtor for the fees owed to Beermann Swerdlove LLP in the amount of $57,693.50.

After the judgment was entered, Beermann Swerdlove LLP obtained a garnishment against Debtor's wages.

The judgment and garnishment were both listed on Debtor's Statement of Financial Affairs filed with the Bankruptcy Court.

Beermann Swerdlove is listed as a general unsecured creditor on Debtor's Schedule F.

Debtor claimed on Schedule I that she has three (3) dependent children and lists her average monthly income as $6,168.73, including $1,500 in "alimony, maintenance or support payments."

Defendant's ex-husband's maintenance obligations to her were to increase from $1,500 per month to $3,500 per month beginning January 1, 2011.

Schedule I requires a debtor to "[d]escribe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document." Defendant answered "None."

Defendant listed a debt of $32,596.13 to the IRS as a priority unsecured claim on Schedule E.

Defendant claimed on Schedule J that she pays $1,600 per month for "rent or home mortgage payments."

Schedule J requires a debtor to "[d]escribe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document." Defendant answered, "Debtor is looking for an apartment for her and 3 kids to live in as the house is in foreclosure. Debtor anticipates a $1,600.00/month rent expense per month."

Defendant listed $75.00 worth of jewelry on Schedule B.

Defendant and her ex-husband owned significant amounts of furniture, electronics and personal property at their home. This property included numerous pieces of luxury furniture, including sofas, chairs, bedroom sets, cabinets, and a dining room table, as well as valuable electronics, including four (4) large flat-screen televisions (the "Furniture"). As part of the JDOM, Defendant was awarded substantially all of the Furniture.

Debtor attended two 341 meetings where an attorney from Beermann Swerdlove LLP appeared and questioned her.

After Debtor's testimony at her 341 meeting of creditors, the Chapter 7 Trustee appointed in Debtor's case made a finding of no assets and filed the same report with the court on March 2, 2011.

Plaintiff filed this adversary proceeding on May 2, 2011, claiming that the Debtor's debts are not dischargeable pursuant to 11 U.S.C. § 727(a)(4)(A).

## STANDARD FOR SUMMARY JUDGMENT

The standard for a summary judgment motion is set forth in Fed. R. Civ. P. 56, made applicable in bankruptcy proceedings via Fed. R. Bankr. P. 7056. Summary judgment is appropriate under Rule 56 if the moving party shows that no genuine issue of material fact exists and that it is entitled to prevail in the case as a matter of law. In ruling on the motion, the court must draw all reasonable inferences from the underlying facts in the responding party's favor. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Parkins v. Civil Constructors of Ill., Inc., 163 F. 3rd 1027, 1032 (7th Cir. 1998). A factual dispute is a genuine issue for trial only if it is determinative of the outcome under applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

## LEGAL ANALYSIS

Pursuant to 11 U.S.C. § 727, Chapter 7 debtors are entitled to a discharge of all debts unless, inter alia, "(4) the debtor knowingly and fraudulently, in or in connection with the case – (A) made a false oath or account." Section 727 is strictly construed against the objecting creditor and liberally in favor of the debtor, in order to protect the debtor's fresh start. In re Sapru, 127 B.R. 306, 314 (Bankr. E.D.N.Y. 1991). At a trial on a complaint objecting to discharge, the plaintiff has the burden of proving the objection. Fed. R. Bankr. P. 4005. This complaint is only at the summary judgment stage, however, which means that the Defendant must show that no genuine issue of material fact exists and that she is entitled to prevail as a matter of law.

For Defendant to prevail on her motion for summary judgment, she must show that no material question of fact exists regarding whether: (1) she made a false statement under oath; (2) she knew the statement was false; (3) she made the statement with the intent to deceive; and (4) the statement related materially to the bankruptcy case. In re Self, 325 B.R. 224, 245 (Bankr.

N.D. Ill. 2005). In order to prevail on Defendant's summary judgment motion, Plaintiff need only demonstrate that a material question of fact exists as to any of those elements.

Plaintiff alleges in its complaint that the following false statements were made under oath:

> 16. Korner's failure to disclose her anticipated income and property interests within the Petition on Schedule I, E or J, or at any other time, is a deliberate omission of a material matter constituting a false oath or account in connection with this proceeding.
>
> 17. Korner's false statement of an expense of $1,600 for rent or home mortgage payment at 3585 Tamarind Drive, Northbrook, Illinois 60062 within Schedule J was made with the intent to mislead creditors and the trustee as to the debtor's true financial condition, or with reckless disregard for the truth with regard to a matter material to the case.

Complaint at ¶¶ 16 and 17.

The court will first consider whether a material issue of fact exists as to Defendant's "failure to disclose her anticipated income and property interests within the Petition on Schedule I, E or J." A debtor's schedules are statements under oath for purposes of § 727(a)(4). See In re Cole, 378 B.R. 215, 221 (Bankr. N.D. Ill. 2007).

On Schedule I, Defendant listed a monthly income of $6,168.73, including $1,500 in alimony, maintenance or support. When asked on Schedule I to describe any increase in income reasonably anticipated to occur within the year, Defendant wrote "none." However, Defendant's ex-husband's monthly maintenance obligation was scheduled to increase from $1,500 to $3,500 on January 1, 2011.

In the memorandum of law attached to the motion for summary judgment, Defendant argues that in actuality, her ex-husband is <u>not</u> making the required payments. She asserts that she did not receive a full support payment in the six months prior to filing this bankruptcy case last November, and that she has not received a full payment since the petition date. Although an

increase in maintenance was provided for under the JDOM, she was not actually going to receive it. Presumably, Defendant wishes the court to conclude that since she did not expect to receive the increase, failure to list it was not a false oath or even if it was, she had no intent to deceive by this omission.

But there are no <u>facts</u> before the court to support this argument. The court cannot grant Defendant's motion for summary judgment based on her contentions in a memorandum of law. There must be facts to support the argument, and those facts are not before the court. Therefore, there is a material issue of fact as to whether Defendant made a false oath and, if she did, whether she possessed an intent to deceive regarding the statements made on Schedule I.

Defendant listed a debt of $32,596.13 to the IRS as a priority unsecured claim on Schedule E. Plaintiff attempted to set forth as an undisputed fact the contention that Defendant "knew when she completed and filed Schedule E that she was fully indemnified of the IRS debt by" her ex-husband. Since Plaintiff did not provide any support for that statement, it is not taken as admitted, even though Defendant did not reply.

There are no facts before the court to indicate that Defendant did not owe this debt to the IRS. However, there is an issue regarding whether Defendant's ex-husband indemnified her, as Plaintiff alleges in paragraph 12 of its complaint. Since Defendant has not answered the complaint, this allegation has been neither admitted nor denied. Did Defendant know about the indemnification? Did she intend to deceive her creditors by omitting this right to indemnification from Schedule B, either in answer to Question 17 ("Alimony, maintenance, support and property settlements to which the debtor is or may be entitled. Give particulars.") or to Question 21 ("Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of

each.")? Many disputed questions of fact remain regarding this issue, and they are material questions.

Defendant argues in her memorandum of law that "[e]very issue mentioned in Plaintiff's adversary was either noted on her schedules or discussed at one of her Section 341 meetings." There was no notation on the schedules about a contingent right to indemnification, and again, the court has no <u>facts</u> before it regarding the testimony taken at the 341 meetings. If there were omissions or misstatements in the schedules that were corrected thoroughly at the 341 meeting, there may be no question as to Defendant's intent to deceive. But the fact remains that at this stage of the proceedings, there may be material omissions on Defendant's schedules. The court cannot grant Defendant's motion for summary judgment based on arguments about what allegedly occurred at the 341 meeting.

The parties also dispute whether Defendant's listing of $75.00 worth of jewelry on Schedule B was a false oath. Plaintiff submitted an affidavit from Defendant's domestic relations counsel in support of this undisputed material fact -- that Defendant and her ex-husband owned significant amounts of furniture, electronics and personal property at their home. This property included numerous pieces of luxury furniture, including sofas, chairs, bedroom sets, cabinets, and a dining room table, as well as valuable electronics, including four large flat-screen televisions (the "Furniture"). As part of the JDOM, Defendant was awarded substantially all of the Furniture.

Listing $75.00 worth of jewelry in answer to Question 7 on Schedule B does not contradict the assertion that Defendant was awarded significant amounts of furniture in her divorce. Since it would not serve the interests of judicial economy to ignore the rest of the affidavit, the court reviewed it for any facts relating to Defendant's jewelry. There were none.

However, in paragraph 14 of its complaint, Plaintiff alleges that Defendant testified at the 341 meeting that her minor children stole her engagement and wedding rings. Since Defendant has not filed an answer, the allegation has not been denied or explained, and the court cannot judge its plausibility. There are outstanding issues of fact regarding Defendant's statement about the scheduled value of her personal property, including her jewelry, and it would be inappropriate to grant summary judgment to her.

Finally, the court will consider the allegation in paragraph 17 of the complaint that "Korner's false statement of an expense of $1,600 for rent or home mortgage payment at 3585 Tamarind Drive, Northbrook, Illinois 60062 within Schedule J was made with the intent to mislead creditors and the trustee as to the debtor's true financial condition, or with reckless disregard for the truth with regard to a matter material to the case."

Defendant clearly stated on Schedule J that "Debtor is looking for an apartment for her and 3 kids to live in as the house is in foreclosure. Debtor anticipates a $1,600.00/month rent expense per month." Plaintiff appears to be correct that at the time she filed Schedule J, Defendant's rent or home mortgage payment was not $1,600.

But the explanatory statement on Schedule J indicates that by listing an expense of $1,600, Defendant was making her best estimate of future housing costs. She admitted in that statement that the home is in foreclosure and at that at some point in the next year, she would likely pay rent in the estimated amount of $1,600. Even if the statement was technically false, the court finds no genuine issue of fact regarding Defendant's intent to deceive. No evidence need be taken at trial regarding the $1,600 rent or home mortgage expense. See Fed. R. Civ. P. 56(g) ("If the court does not grant all the relief requested by the motion, it may enter an order

stating any material fact--including an item of damages or other relief--that is not genuinely in dispute and treating the fact as established in the case.").

## CONCLUSION

In light of the numerous issues of material fact that remain disputed, the court must deny Defendant's motion for summary judgment. For all of the reasons stated above, the motion for summary judgment is denied.

Date: __NOV - 3 2011__         _____
                                PAMELA S. HOLLIS
                                United States Bankruptcy Judge